## CARTER v. STATE FINANCE CO.
### No. 13012.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 8, 1935.

Rehearing Denied April 12, 1935.

Frank R. Graves, of Fort Worth, for appellant.

Slay & Simon and H. J. Zimmerman, all of Fort Worth, for appellee.

BROWN, Justice.

Appellant owed a considerable sum of money on his automobile and applied to appellee for a loan, which was agreed to, and appellee wrote three checks, one to pay off the indebtedness on appellant's automobile, one in the sum of $63.50, payable to the order of appellant, which he cashed, and one for the sum of $90.50, payable to the order of appellant, but which check was indorsed by appellant and made payable to the Associated Underwriters, Inc., and delivered back to appellee, and at the time of the transaction appellant executed a note payable to appellee in the sum of $420, payable in certain installments, and executed a chattel mortgage on his automobile to secure the note. The note was dated October 3, 1932, and provided that the first two installments should be $25 each, payable on the 15th day of November and December, 1932. Prior to the 1st day of January, 1933, appellee brought suit against appellant, alleging that he had made default in the payments due in November and December, 1932, and that under its option right it had declared the entire debt due, asked for a foreclosure of its chattel mortgage lien on appellant's automobile, and sequestered appellant's car.

Appellant answered, saying, among other things, that at the time the transaction was entered into and the checks mentioned above were issued by appellee, he asked appellee's agent, who made the loan, to what the $90.50 check would be applied, and that the agent told him this was for insurance that appellant would be compelled to take out on his loan; but that the agent told appellant at the time that the insurance would amount to not more than $40 and that there would be a return of at least $50 on such check, and that appellee's agent stated that he was going to

apply such refund of $50 on appellant's note and debt, and that appellant insisted at the time that if the refund money was not to be paid to him in cash, same should be applied on the first two installments due by him to appellee, but that appellee's agent refused to agree to such application of the refund.

Appellant also urged that by virtue of these facts he was entitled to have his note credited with the sum of $50, which would have paid the first two installments due by him, and that therefore he was not in arrears on his indebtedness to appellee at the time the sequestration writ was sworn out, and he prayed for damages for the wrongful sequestration of his property.

After the testimony and evidence was all in, the trial court instructed the jury to return a verdict "in favor of the plaintiff, State Finance Company, and against the defendant, Jack Carter, in the above styled and numbered cause." Upon such verdict the court rendered judgment for appellee for the principal sum of the note, $420, and for foreclosure of the chattel mortgage lien on appellant's automobile, and also judgment for $50 attorney's fees.

The note provided for a reasonable attorney's fee, and the testimony covering such was made by the agent of appellee, who testified that he had agreed to pay the plaintiff's attorney $50 and that such was reasonable.

■ It will be noted that the instructed verdict does not find or provide for a foreclosure of appellee's chattel mortgage lien. There is evidence in the record to support appellant's contention with reference to the refund of at least $50 on the $90.50 check, as well as damages sustained by reason of the alleged wrongful sequestration. It is fundamental that all of the testimony and evidence introduced by appellant on the issues raised by him in his pleadings must be taken by us in the most favorable light for appellant.

■ We are of the opinion that the trial court erred in giving the jury a peremptory instruction in favor of appellee, and hold that the trial court, under the evidence adduced, should have submitted to the jury the issues covering the matter of the refund of the $50; the application of such refund to the payment of the first two installments as contended for by appellant; actual and exemplary damages for the wrongful sequestration; and the amount of the attorneys' fee.

The judgment of the trial court is reversed and remanded.